## ISAAC HOUSTON v. STATE.

No. A-3314.  Opinion Filed April 17, 1919.

(179 Pac. 946.)

ABATEMENT OF PROSECUTION—Death of Accused.  In a criminal prosecution, the purpose of the proceeding being to punish the accused, the action must necessarily abate upon his death, and, where it is made to appear that the plaintiff in error has died pending the determination of his appeal, the cause will be abated.

Appeal from District Court, Cherokee County; John H. Pitchford, Judge.

Issac Houston was convicted of murder, and appeals. Proceedings abated.

George W. Benge and George M. Hughes, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

DOYLE, P. J.  Plaintiff in error, Isaac Houston, was convicted of murder in the district court of Cherokee county, upon an information filed in said court January 22, 1918, charging that in said county on or about the 28th day of October, 1917, he did kill and murder one Hardy Stevenson by shooting him with a shotgun.  From the judgment and sentence rendered in accordance with the verdict assessing the death penalty, an appeal was perfected by filing in this court on April 5, 1918, a petition in error with case-made.

While his appeal was pending and awaiting decision before this court, the Attorney General filed a motion to abate the proceedings, supported by the written statement of Sam L. Morley, warden of the penitentiary at McAles-

ter, to the effect that plaintiff in error, Isaac Houston, under sentence of death while confined in the penitentiary, died on March 28, 1919; cause, tuberculosis.

In a criminal action, the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death.

It is therefore considered and adjudged that the proceedings in the above-entitled cause do abate. It is so ordered, with direction to the trial court to enter its appropriate order to that effect.

ARMSTRONG and MATSON, JJ., concur.